**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **NICOLE JOHNSON,** | ) | |
|     **Plaintiff,** | ) | |
| **vs.** | ) | **No.  3:11-CV-2799-D-BH** |
| | ) | |
| **WELLS FARGO BANK NA, et. al,** | ) | |
|     **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

Plaintiff filed this suit against the defendants on October 19, 2011.  After granting her leave to proceed *in forma pauperis*, the Court sent her a questionnaire ("MJQ") on October 21, 2011, to obtain more information about her claims.  The questionnaire specifically advised Plaintiff that her answers to the questions were due within thirty days, and a failure to file her answers could result in the dismissal of her case for failure to prosecute.  (*See* doc. 8).  More than thirty days from the date of the questionnaire have passed, but Plaintiff has not filed her answers or anything else in this case.

**II.  INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Plaintiff failed

to comply with the October 21, 2011 order that she submit her answers to the questionnaire within thirty days despite a warning that failure to do so could result in dismissal of the case. Nor has she filed anything else. Because she failed to follow a court order or otherwise show that she intends to proceed with her case, it should be dismissed under Rule 41(b) for failure to prosecute or follow court orders.

### III.  RECOMMENDATION

This case should be dismissed without prejudice for want of prosecution or failure to follow court orders pursuant to Fed. R. Civ. P. 41(b), unless Plaintiff files her answers to the questionnaire within the time for objecting to this recommendation.

**SIGNED this 28th day of November, 2011.**

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2